<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 95-2310**
_____

ELEANOR GAMBELLI,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA; DIXTER HANDY;
NICHOLAS HUNTZINGER; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, as
Uninsured/Underinsured Motorist Carrier,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Raymond A. Jackson, District
Judge. (CA-94-868-2)

_____

Argued: May 9, 1996                 Decided: June 14, 1996

_____

Before HALL and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** William David Breit, BREIT, DRESCHER & BREIT, P.C.,
Norfolk, Virginia, for Appellant. Anita K. Henry, Assistant United
States Attorney, UNITED STATES ATTORNEY'S OFFICE, Norfolk,
Virginia; Lynn Ellen Watson, HEILIG, MCKENRY, FRAIM & LOLLAR, P.C.,
Norfolk, Virginia, for Appellees. **ON BRIEF:** Billie Hobbs, BREIT,
DRESCHER & BREIT, P.C., Norfolk, Virginia, for Appellant. Thomas
C. Dawson, Jr., HEILIG, MCKENRY, FRAIM & LOLLAR, P.C., Norfolk,
Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Eleanor Gambelli challenges the district court's dismissal of her tort claim against the United States and against two private individuals for injuries sustained in an automobile accident that occurred when she reentered her car moments after a prior accident. After the first accident, Corporal Edward Williams, a naval police officer who happened to pass by, stopped gratuitously -- even though he was outside his jurisdiction -- to ensure that nobody was injured and that the local police had been called. Because, she alleges, Corporal Williams did not foresee that Gambelli might subsequently become involved in a second accident, and secure the area accordingly, she sued the United States under the Federal Tort Claims Act. Additionally, she sued the drivers of the two cars involved in the accidents, under pendent party jurisdiction and, allegedly, under diversity.

The district court dismissed the claim against the United States because Corporal Williams did not undertake any course of action that would obligate him to prevent future accidents and because, in any event, he was acting outside the scope of his employment. Subsequently, and after an additional hearing devoted solely to the matter, the district court dismissed the claims against the individual drivers because, although discovery had proceeded for several months, Gambelli had failed to produce any probative evidence of diversity, which both drivers denied.

We have considered all of the arguments raised by the parties in their briefs and at oral argument, and, for the reasons stated

3

in the two thorough opinions issued by the district court, we affirm the judgment of the district court in all respects.

AFFIRMED